IMPORTANT NOTICE: COURTESY COPIES OF DOCUMENTS YOU FILE SHOULD <u>NOT</u> BE PROVIDED TO ANY JUDGE. ALL COMMUNICATIONS WITH THE COURT SHALL <u>ONLY</u> BE THROUGH DOCUMENTS FILED WITH THE CLERK OF COURT.

RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 4/7/11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

ANTHONY MCQUEEN                           DOCKET NO. 10-CV-0847; SEC. P

VERSUS                                    JUDGE DEE D. DRELL

FEDERAL BUREAU OF PRISONS, ET AL.   MAGISTRATE JUDGE JAMES D. KIRK

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff Anthony McQueen filed the instant civil rights complaint pro se on May 7, 2010, pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)[1]. Plaintiff is an inmate in the custody of the Federal Bureau of Prisons (BOP), and he is currently incarcerated at the Metropolitan Detention Center (MDC) in Brooklyn, New York. He claims that he was denied proper medical care at the United States Penitentiary in Pollock, Louisiana and at his current facility MCD Brooklyn.

The undersigned recommended dismissal of Plaintiff's claims, and Plaintiff filed an objection asking that he be allowed to amend his complaint. In his original complaint, he named as defendants: Bureau of Prisons (BOP), Harley Lapin, Harrell Watts, G. Maldonado, Jr., Dr. TeCora Ballom, Joe Keffer, Dr. Joel D. Alexandre, Mr. Smith, and Charles Tisdale. In his amended complaint, he names the

---

[1] "A Bivens action is analogous to an action under § 1983-the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials." <u>Evans v. Ball</u>, 168 F.3d 856, 863 n. 10 (5th Cir.1999).

same defendants, except he omits the BOP and adds Newton Kendig (Assistant Director of Health Services Division of the BOP).

This matter has been referred back to the undersigned for additional review, report, and recommendation.

### Plaintiff's Allegations

The facts of the case are detailed in the original Report and Recommendation. [Doc. #6]

### Law and Analysis

**1. Bivens**

To state a civil rights claim for the denial of medical care, a prisoner must allege that the prison authorities were **deliberately indifferent to the prisoner's serious medical needs**. See Estelle v. Gamble, 429 U.S. 97, 103-04 (1978); Hare v. City of Corinth, Miss., 74 F.3d 633, 650 (5th Cir. 1996). A prison official is liable under the Eighth Amendment for deliberate indifference to prison health and safety conditions only if he or she knows an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. Farmer v. Brennan, 511 U.S. 825, 847 (1994); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). Only deliberate indifference, an "unnecessary and wanton infliction of pain ... or acts repugnant to the conscience of mankind" is proscribed by the Eighth Amendment. See Estelle v. Gamble, 429 U.S. at 105-106.

Negligence is not a basis for a civil rights action. "Medical

malpractice does not become a constitutional violation merely because the victim is a prisoner," and so the prisoner must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id., 429 U.S. at 106; see also Gobert v. Caldwell, 463 F .3d 339, 346 (5th Cir. 2006). The official must have a subjective intent to cause harm. See Mace v. City of Palestine, 333 F.3d 621, 625 (5th Cir. 2003). Said another way, deliberate indifference, i.e., a subjective intent to cause harm, cannot be inferred from a prison official's failure to act reasonably. See Hare v. City of Corinth, 74 F.3d at 649.

### A.  BOP and denial of administrative appeals

#### 1. Bureau of Prisons and Officials
(BOP named in original complaint; not in amended complaint)

First, a *Bivens* claim is available only against government officers in their individual capacities in order to deter future civil rights violations by such individuals. See Boyd v. Lasher, 2010 WL 1817805 (E.D.La. 3/9/10) (citing Williamson v. U.S. Dept. of Agriculture, 815 F.2d 368, 380 (5th Cir. 1987). The Supreme Court has held that there can be no *Bivens* cause of action against the United States government, a federal agency (such as the BOP), or government officers in their official capacities, because the deterrent effect on the individual would be lost. See id. (citing FDIC v. Meyer, 510 U.S. 471, 484-486 (1994)). **Therefore, to the extent Plaintiff is pursuing a claim against the BOP, his claim**

**should be dismissed.**

Plaintiff also named as defendants Bureau of Prisons National Director Harley G. Lappin, Bureau of Prisons Regional Director Gregory Maldonado, Administrator of Inmate Appeals Harrell Watts, and the Assistant Director of Health Services Newton Kendig. Plaintiff named Maldonado, Lappin, Watts, and Kendig because they denied his administrative appeals regarding medical care. However, Plaintiff does not have a federally protected liberty interest in having his grievances resolved to his satisfaction. See Geiger v. Jowers, 404 F3d. 371 (5th Cir. 2005). Any alleged constitutional violation arising from the defendants' alleged failure to properly address his grievances is frivolous.

Plaintiff also claims that Lapin and Kendig failed to promulgate ophthalmology clinical practice guidelines that provide for treatment of a prisoner's serious medical needs in a manner that is "consistent with accepted community practices." However, "consistent with accepted community practices" is not the standard for providing medical care to an inmate. An inmate is entitled to "adequate" medical care. See Estelle v. Gamble, 429 U.S. 97 (1976). Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992); Woodall v. Foti, 648 F.2d. 268, 272 (5th Cir. 1981). In Woodall, the Fifth Circuit Court of Appeals stated that the test in balancing the needs of the prisoner versus the needs of

the penal institution is one of **medical necessity**, not of desirability. The fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. A disagreement with a doctor over the method and result of medical treatment does not require a finding of deliberate indifference. See <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985).

Moreover, even if a Plaintiff alleges that he received inadequate medical treatment, he does not necessarily state a violation of the Eighth Amendment. The inmate must still allege a subjective intent to cause harm, as discussed above. Plaintiff has failed to present non-conclusory allegations of inadequate care or a subjective intent to cause harm with regard to **Harley Lappin, Harrell Watts, G. Maldonado, Jr., and Newton Kendig**.

B. **Dr. TeCora Ballom - Regional Medical Director**

Plaintiff complains that Dr. TeCora Ballom, the Regional Medical Director for the South Central Region of the BOP, violated his constitutional rights by denying Plaintiff cataract surgery. According to the exhibits submitted by Plaintiff, the Pollock medical department and utilization committee both approved Plaintiff for a cataract surgery consultation with an ophthalmologist. [Doc. #1-4, p.21/36] It was the regional medical director, Dr. Ballom, who reviewed Plaintiff's medical records and determined that Plaintiff did **not** meet the criteria for cataract

5

surgery under the Bureau of Prisons' ophthalmology clinical practice guidelines. [Doc. #1-4, p.19/36, 25/36] Even if Plaintiff could prove that Ballom's decision resulted in inadequate medical care, Plaintiff does not present *any* factual allegations that this regional director, located in Fort Worth, Texas, subjectively intended to cause harm to Plaintiff. Thus, Plaintiff fails to state a claim for which relief can be **granted against Dr. Ballom**.

### C. Warden Keffer

Plaintiff also fails to state a *Bivens* claim against Warden Keffer. First, none of the supervisory defendants can be held liable in a *Bivens* action under the doctrine of respondeat superior. See Cronn v. Buffington, 150 F.3d 538, 544 (5th Cir. 1998); Abate, 993 F.2d at 110. A federal official acting in a supervisory position may only be held liable in two circumstances: (1) where the supervisor was personally involved in the constitutional violation or (2) where the supervisor "implement[ed] a policy so deficient that the policy itself act[ed] as a deprivation of a constitutional right." Cronn, 150 F.3d at 544 (citing Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987)). In this case, Warden Keffer did not personally provide or deny Plaintiff with medical treatment. He relied on the decisions of: (a) the medical experts at USP-P, (b) the utilization committee, and (c) the regional medical director, Dr. Ballom. As stated above, it was Warden Keffer's staff that actually **approved**

Plaintiff's request for a surgical consult. It was the regional review committee that denied Plaintiff's request. Plaintiff does not present more than a conclusory allegation that the warden implemented some unconstitutional policy. He certainly does not allege that Warden Keffer or his staff acted with deliberate indifference. Plaintiff's claim against Warden Keffer should be dismissed.

### D.  Dr. Joel D. Alexandre

Plaintiff makes a conclusory allegation that Dr. Alexandre "failed to provide Plaintiff treatment that is consistent with accepted community standards." [Doc. #17] As discussed above, Plaintiff is entitled only to adequate medical care. Plaintiff complains that, on July 17, 2009, he was examined by Dr. Alexandre, who told Plaintiff that he did not think that Plaintiff would benefit from surgery. Nonetheless, Alexandre said that he would write a report to the regional director and "present it in the best light possible." Plaintiff has not alleged deliberate indifference on the part of Dr. Alexandre. Plaintiff has alleged a disagreement with Dr. Alexandre's medical opinion, which does not constitute deliberate indifference, absent exceptional circumstances. See Atkins v. Lofton, 2010 WL 1507186, citing Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006). Again, the decision was not up to Dr. Alexandre; rather, it was up to the regional medical director as to whether Plaintiff qualified for the procedure.

### E. Mr. Smith

Plaintiff again makes a conclusory allegation that Mr. Smith "failed to provide Plaintiff treatment that is consistent with accepted community standards." [Doc. #17] He claims that on June 21, 2009, Mr. Smith told him that he could get the cataract surgery if his family was willing to pay for it. However, later, Mr. Smith informed Plaintiff that he was mistaken; that BOP Policy actually **did not** allow for the family to pay for the surgery. [Doc. #1-3, p.2, #1-4, p.28] Plaintiff has not alleged deliberate indifference on the part of Mr. Smith. He has only alleged that Mr. Smith misinformed Plaintiff about whether his family could pay for the elective procedure. Plaintiff's claim against Mr. Smith is frivolous.

### F. Charles Tisdale

Finally, Plaintiff names Charles Tisdale as a defendant. He alleges that on March 16, 2009, while Plaintiff was at sick call complaining of eye problems, he asked Physician Assistant Tisdale if his family could pay for the cataract surgery. Plaintiff alleges that Tisdale informed him that was not possible. [Doc. #1-3, p.1/3] Plaintiff has failed to allege deliberate indifference on the part of Physician Assistant Tisdale. Plaintiff admits that Tisdale consistently gave him ibuprofen for pain and made several referrals of Plaintiff to the optometrist. Rather than a denial of medical care, Plaintiff has actually alleged numerous instances

where Tisdale provided him with medical care. There are no allegations that Tisdale ignored a serious risk or subjectively intended for Plaintiff to suffer harm.

## 2. Harm

Plaintiff has presented no more than conclusory allegations (at best) that any of the defendants *subjectively intended* to cause him harm, or that he has even suffered any harm as a result of the denial of cataract surgery. See eg. Rylee v. Bureau of Prisons, No. 8:08-CV-1643-PMD-BHH, 2009 WL 633000, at *4 (D.S.C. Mar. 9, 2009) (citations omitted) (Defendants' decision to adhere to federal prison ophthalmology guidelines rather than follow the optometrist's recommendation of cataract surgery constitutes a difference of medical opinion, which is insufficient, by itself, to raise a triable issue of deliberate indifference.); Cash v. Sadeghi, 2009 WL 839132 (N.D.Cal. Mar.30, 2009) (blurriness and double vision not found to be serious medical need resulting in further significant injury or unnecessary and wanton infliction of pain if untreated). The Defendants at USP-P *did not* deny him medical care. The ophthalmology exam and procedure was denied at the regional level. As stated above, Plaintiff has presented no facts that the regional medical director Dr. Ballom had any subjective intent to cause Plaintiff harm.

## Conclusion

Ultimately, Plaintiff alleges, and his exhibits support, that

9

USP-P staff has consistently treated his symptoms and referred him to optometrists and ophthalmologists[2]. USP-P had even approved him for a surgical consultation[3]; however, the regional medical director overruled the recommendation by USP-P, not because of a subjective intent to cause harm, but because Plaintiff simply did not meet the BOP's criteria for the elective surgery[4].

If Plaintiff's vision deteriorates such that he meets the criteria to have the cataract surgery (vision in both eyes is less than 20/60 for six months), and his condition interferes with his activities of daily living, the he *can* be considered for cataract surgery.

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's civil rights action against these defendants be **DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim pursuant to 28 U.S.C. §1915A. ***To the extent that Plaintiff's condition has worsened and he seeks injunctive relief or damages against the staff at his current facility, Plaintiff can file suit in the district court for the district in which he is incarcerated.***

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and

---

[2] Doc. #1-4, p.2,4,5-10,15-16,20-21

[3] Doc.#1-4, p.9 ("Surgery Consultation has been Approved"), p.21 ("Approved by FCC Pollock - Send to Regional Clinical Director for Approval"), p.27 ("Refer for cataract surgery")

[4] Doc. #1-4, p.19, 25, 30-31

Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 6th day of April, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE